IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE NOLL BAUMGARDNER, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WYETH PHARMACEUTICALS | : | NO.  05-5720 |

---

| | | |
|---|---|---|
| RENEE NOLL BAUMGARDNER, | : | CIVIL ACTION |
| COREY FOSTER BAADSGAARD, | : | |
| MELODY BROWN, | : | NOS. 06-2518 |
| LEAH CRAIG CHUMBLEY, | : | 06-2519 |
| PAULETTE FORD, JOAN HENNING, | : | 06-2520 |
| JAMES W. HILL, SHARON RODGERS, | : | 06-2521 |
| LORRAINE AND ROBERT SLATER, | : | 06-2522 |
| JAME CHARLEA TIERNEY | : | 06-2523 |
| | : | 06-2524 |
| v. | : | 06-2525 |
| | : | 06-2526 |
| WYETH PHARMACEUTICALS | : | 06-2527 |

MEMORANDUM

Fullam, Sr. J.                                         August 31, 2010

        The ten sets of plaintiffs in this series of related
cases are persons or surviving family members of persons who took
the antidepressant Effexor (the regular or the extended release
version) between August 8, 2000 and August 4, 2003.  They have
filed a products liability suit against the manufacturer of
Effexor, Wyeth Pharmaceuticals, asserting that Wyeth failed to
provide adequate warnings of Effexor's risks, particularly the
danger that those taking the drug might try to harm themselves or

others.  The plaintiffs' claims have been consolidated for
pretrial discovery.

Wyeth has filed a motion for summary judgment arguing
that the plaintiffs' state-law tort claims must be dismissed as
preempted by federal law; specifically because the plaintiffs'
claims under state law would require the defendant to provide
different or additional suicide-related warnings for Effexor,
while federal law, during the time periods relevant here,
provided that the then-existing suicide-related warnings were
appropriate.

The parties agree that in light of the United States
Supreme Court's decision in Wyeth v. Levine, 129 S. Ct. 1187
(2009), the narrow issue for the Court is whether the defendant
has presented "clear evidence that the FDA would not have
approved a change to [the drug's] label."  Levine, 129 S. Ct. at
1198.  Only if a defendant makes that showing will the
plaintiffs' state-law tort claims be preempted; Wyeth has not
done so.

Wyeth argues that the FDA would have rejected any
additional suicide-related warnings that it provided because, at
all times before 2003, it was the FDA's scientific judgment that
there was no association between suicide and antidepressants.  As
evidence, Wyeth points to the FDA's rejection of three citizen
petitions, which sought the removal of antidepressants from the

market or the strengthening of their suicide-related warnings, as well as various statements and reports made by the Psychopharmacological Drugs Advisory Committee, a group commissioned by the FDA, which concluded that the connection between antidepressants and suicide was not scientifically supportable.  None of this evidence proves that the FDA would have rejected relevant warnings had Wyeth, the manufacturer, proposed them.  In attempting to, in effect, shift the responsibility for its labeling decisions onto the FDA, Wyeth has lost sight of the Supreme Court's statement that "the manufacturer bears responsibility for the content of its label at all times."  Levine, 129 S. Ct. at 1197-98.

    According to Wyeth, there is "clear evidence" that the that the FDA would have rejected a new warning.  Wyeth did propose a change to Effexor's label in 2003, adding a pediatric precaution to Effexor's package insert to state in part "[i]n pediatric clinical trials, there were increased reports of hostility and, especially in Major Depressive Disorder [patients], suicide-related adverse events such as suicidal ideation and self-harm."  Wyeth asserts that in March 2004, the FDA directed it not to use the proposed labeling, however, after closely examining the record, it seems to me that the FDA did not reject the defendant's proposed labeling change, but let the defendant's then-existing label stand until early 2004 when the

3

FDA decided to issue a different, and arguably more comprehensive
warning to Effexor users and their families and prescribers of
the drug.  The plaintiff has pointed to the Congressional
testimony of the FDA's Director of the Office of Drug Evaluation,
given in 2004, which asserts that Wyeth was permitted to
unilaterally strengthen Effexor's warnings until a different
warning was imposed on antidepressant manufacturers by the FDA.
Other cases examining the warning labels on antidepressants have
reached the same conclusion.  See Mason v. SmithKline Beecham
Corp., 596 F.3d 387 (7th Cir. 2010); Forst v. SmithKline Beecham
Corp., 639 F. Supp. 2d 948 (E.D. Wis. 2009); Aaron v. Wyeth, No.
07-927, 2010 WL 653984 (W.D. Pa. Feb. 19, 2010).  The reasoning
in those cases is persuasive.

In sum, the defendant has not shown that the FDA would
not have approved a change to Effexor's label.  The defendant's
motion for summary judgment is denied.

An order will be entered.


BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.


4